### GALLENKAMP v. WYMAN.

(Circuit Court, E. D. Missouri, E. D. September 17, 1906.)

No. 4,913 (1,592).

1. CUSTOMS DUTIES (§ 36*)—CLASSIFICATION—"PRINTING PAPER."

    In Tariff Act July 24, 1897, c. 11, § 1, Schedule M, par. 396, 30 Stat. 187 (U. S. Comp. St. 1901, p. 1671), the provision for "'printing paper' suitable for books and newspapers" prescribes an exceptionally low duty on such material on account of the educational value of books and newspapers, and only such paper as comes within the true spirit of the law should be assessed thereunder. A thin, flimsy, colored paper, said to be

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

used for "printing circulars and printing of all kinds," but not shown to be used for books or newspapers, is not within the scope of the provision.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 36.*]

2. CUSTOMS DUTIES (§ 85*)—APPRAISAL—APPEAL—FINDINGS OF FACT BY GEN-ERAL APPRAISERS—REVIEWABILITY.

The rule that, in reviewing decisions of the Board of General Appraisers under Customs Administrative Act June 10, 1890, c. 407, § 15, 26 Stat. 138 (U. S. Comp. St. 1901, p. 1933), courts should not disturb the Board's findings-on doubtful questions of fact, does not extend to a case where there is no express evidence or express finding on the subject.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. §§ 201–206; Dec. Dig. § 85.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below sustained the importers' protests against the assessment of duty by Charles F. Gallenkamp, surveyor of customs at the port of St. Louis; the Board making the finding "that the merchandise is printing paper."

David P. Dyer, U. S. Atty., for surveyor.

J. H. Zumbalen, for importers.

FINKELNBURG, District Judge. This is an appeal from a decision of the Board of United States General Appraisers. The merchandise in question is paper, and it was originally assessed under Tariff Act July 24, 1897, c. 11, § 1, Schedule M, par. 402, 30 Stat. 189 (U. S. Comp. St. 1901, p. 1672), at 25 per cent. ad valorem as paper "not specially provided for." The importers, through their agents, Charles H. Wyman & Co., protested against this classification, claiming that it was dutiable at a much lower rate under paragraph 396 of said act (30 Stat. 187 [U. S. Comp. St. 1901, p. 1671]), as "printing paper suitable for books and newspapers." The Board of General Appraisers sustained this protest and reversed the decision of the collector, whereupon the latter brought the matter to this court for a review of the decision of the Board, in accordance with the law providing such reviews. Customs Administrative Act June 10, 1890, c. 407, § 15, 26 Stat. 138 (U. S. Comp. St. 1901, p. 1933).

At the outset we are met with the importers' contention that, although under the law governing this proceeding the court is empowered to review questions of law and fact, this court should not undertake to disturb the findings of the Board upon doubtful questions of fact (citing decisions). This rule is no doubt applicable to a certain class of cases and under certain circumstances, but I do not think this is such a case. In this case the Board simply finds that the merchandise is "printing paper," but its finding says nothing on the subject of being "suitable for books and newspapers." The only witness who testified—one of the importers—says: "It is used in printing circulars and in printing of all kinds." And this is substantially all the testimony. Circulars are not books or newspapers, and the expression "printing of all kinds" is vague and indefinite. This reduces the question of fact, whether it was "suitable for books and newspapers,"

to a mere inference. There is no express testimony on the subject, nor any express finding on the subject.

An inspection of the samples submitted to the court does not at all impress me with the conviction that this paper is suitable for either books or newspapers, within the meaning of this statute. It is a very thin, flimsy paper, colored in various tints. I have never seen either books or newspapers printed on such material. In looking over the tariff duties on paper generally, I am impressed with the fact that the duties on paper "suitable for books and newspapers" are exceptionally low as compared with other classes of paper. I think this is because Congress had in view that books and newspapers have an educational value and tend to disseminate information among the public. In order to get the benefit of these low duties, it is incumbent on the importers to bring themselves within the true spirit of the law.

I do not think it has been done in this case. With all due respect for the decision of the Board, it is my opinion that neither the samples nor the testimony sustain the finding. I think the classification of the collector was correct.

The judgment will therefore be that the decision of the Board be reversed.